

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 2, 1973

The Honorable James Peavy, M. D.        Opinion No. H- 143
Commissioner of Health
Texas State Department of Health        Re: The constitutionality of
Austin, Texas 78756                          State participation in a
                                             federal supplemental food
                                             program for pregnant and
                                             lactating women, infants
Dear Dr. Peavy:                              and children.

　　　You have asked us for an opinion concerning the authority of
the Texas State Department of Health to receive and distribute federal
funds pursuant to the Child Nutrition Act (42 USC 177; et seq.) as
amended by Public Law 92-433, for the purpose of providing a special
supplemental food program for women, infants and children in this
State.

　　　You advise us that:

　　　　　"The Comptroller of Public Accounts has questioned
　　　　　whether or not the disbursement of the funds herein
　　　　　described would violate Sections 50 and 51 of Article
　　　　　3 of the Constitution of the State of Texas. Therefore,
　　　　　the following question is submitted for your consideration.

　　　　　"In the event that federal funds are made available
　　　　　to this Agency, may these funds be lawfully expended
　　　　　for the purposes herein described?"

　　　The United States Department of Agriculture Regulations governing
the disbursement and use of these funds (See 38 Federal Register 18447-
18451) show that basically this program is designed to distribute nutri-
tional food to pregnant or lactating women, and to children under age 4
who live in low income areas and are part of low income groups considered
to be "at nutritional risk". It is also a major object of the program to
collect and evaluate medical data which will medically identify benefits
of such a food program.

p. 677

The requirements for eligibility of local agencies are that the agency provide health service to residents of an area in which a substantial proportion of the persons have low incomes; that is, serve a population of women, infants or children which is "at nutritional risk"; that its staff include competent professionals; that it have personnel and expertise and equipment necessary for performing the tests; and that it maintain adequate medical records.

It is our understanding that this program will be financed entirely with federal funds which will be deposited in the State Treasury to be disbursed in accordance with your directions and in accordance with the above referenced regulations. No matching State funds are involved. Your authority to participate in this program emanates from Article 4418f, V. T. C. S. , which provides: "It shall be lawful for the State Department of Health to accept donations and contributions, to be expended in the interest of the public health and the enforcement of public health laws. "

The appropriation of the money received is covered by § 19, Article 5, House Bill 139, Regular Session, 63rd Legislature (The Appropriations Act for fiscal 1974 and 1975) which generally provides that State agencies receiving federal funds shall use said funds for the purposes intended. Compare Attorney General Opinion C-530 (1965).

You advise us that the Comptroller assigns his reluctance to § § 50 and 51 of Article 3 of the Texas Constitution. Section 50 prohibits the giving or lending of the credit of the State for private purposes. We do not think it is controlling since the credit of the State is not being given or loaned in connection with this program.

Section 51 provides, "The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever. "

It is well settled that this prohibition does not apply to the use of public funds for public purposes. State v. City of Austin, 331 S. W. 2d 737 (Tex. 1960). Compare Attorney General Opinions C-464 (1965) and M-274 (1968).

It seems clear to us that a food program of this type for indigent and needy children and pregnant and lactating women, together with the compilation of relevant data as to the results of this program, constitutes a public purpose.  See Attorney General Opinion No. C-584 (1966) in which this office held that § 51 of Article 3 would not prohibit the use of federal and matching State funds for the establishment of community centers to provide free health services to indigent persons.

Accordingly, the answer to your question is that, in the event federal funds are made available to your department pursuant to the Child Nutrition Act of 1966 as amended, for the purposes discussed hereinabove, such funds may be lawfully expended for those purposes.

### SUMMARY

The use of federal funds deposited in the State Treasury for expenditure at the election of the State Health Department under the Federal Child Nutrition Act of 1966, as amended, for the purpose of providing a supplemental food program for pregnant and lactating women, infants and children, is not prohibited by any provision of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee